UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ENRICO J. CIARROCCHI,                :
                                     :
                                     :
        Plaintiff,              :        Civil Action No. 09-2322 (JAP)
                                     :
        v.                      :        **OPINION**
                                     :
UNITED STATES DISTRICT COURT,   :
                                     :
                                     :
        Defendant.              :
_____:

On May 14, 2009, *pro se* plaintiff, Enrico J. Ciarrocchi filed his complaint in this matter against the "United States District Cou[r]t" seeking damages in excess of $10 million for "violation of due process." Compl. at 2. The allegations in the Complaint arise from an earlier lawsuit brought by Plaintiff in this district, Civil Action No. 08-2853 (NLH), which was dismissed by Judge Hillman on February 13, 2009. On June 8, 2009, the Court entered an Order requiring Plaintiff show cause in writing as to why this matter should not be dismissed pursuant to the doctrine of judicial immunity. Plaintiff filed his response to that order to show cause on June 15, 2009.

Generally, a judicial officer in the performance of his duties has absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 116 L. Ed.2d 9 (1991). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without

fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed.2d 288 (1967). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11.

There are two circumstances where a judge's immunity from civil liability may be overcome. These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity. The first exception is where a judge engages in nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. *Id.* The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* Neither are applicable in the present case.

In light of the foregoing, Plaintiff's complaint must be dismissed. The Court notes, however, that Plaintiff was not without legal recourse to correct any alleged errors made by the court in Plaintiff's earlier lawsuit. The appropriate course of action would have been for Plaintiff to file an appeal from that case with the Court of Appeals for the Third Circuit. It appears, unfortunately, that Plaintiff decided to file this action instead.

An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge